PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2000 Mitsubishi Eclipse GT struck a hole while she was traveling on County Route 22 in Berkeley County. County Route 22 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at 6:18 a.m. on June 25,2003, a clear and dry morning. County Route 22 is a two-lane unmarked highway at the area of the incident involved in this claim. Claimant testified that she was driving on County Route 22 when she saw the hole. She stated that she had seen the hole previously but had been able to avoid it on other occasions. Ms. Richmond stated that the hole was about twelve to fourteen inches deep and about three to four feet wide. Claimant’s vehicle struck the hole sustaining damage to the right front rim and tire. Claimant’s vehicle sustained damage totaling $239.88.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 22 at the site of the claimant’s accident for the date in question.
Mark Baker, an Assistant Supervisor for the respondent in Berkeley County, testified that he had no knowledge of any particular holes on County Route 22 for the date in question. Mr. Baker testified that there were no records of complaints concerning the condition of the road, but that County Route 22 had been scheduled for maintenance for approximately three weeks prior to the incident due to the condition of the road. He stated that the road was experiencing an increase in truck traffic due to home construction along the road and that the condition of the road was an ongoing problem. Respondent maintains that it had no actual or constructive notice of any holes on County Route 22.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive, if not actual, notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole and the time of the year in which claimant’s incident occurred leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate *28 amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to her vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $239.88.
Award of $239.88.